**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE FIGUEROA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**GERALD P. MORANO, *et al.*,**<br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br><br><br><br><br>**NO. 26-6424** |

**MEMORANDUM**

**KENNEY, J.** **September 28, 2026**

Plaintiff Jose Figueroa, who is currently incarcerated at FCI Fort Dix, brings this *pro se* civil action against former and current District Attorneys for Chester County—Gerald P. Morano, O'Neal,[1] Kevin Pierce, and Thomas Hogan—based on allegations that he was falsely arrested and maliciously prosecuted. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Figueroa *in forma pauperis* status and dismiss his Complaint.

## I. FACTUAL ALLEGATIONS[2]

Figueroa's allegations are brief. He alleges that he was arrested on September 6, 2018 because of a lie that the "CI/government told the grand jury."[3] (ECF No. 1 at 2.) He was charged

[1] Although Figuroa identifies this Defendant as O'Neal, he may be referring to Michelle Lynn Thurstlic O'Neill, who is listed as a Chester County District Attorney on Figueroa's state court docket. *See Commonwealth v. Figueroa*, CP-15-CR-0003424-2018 (C.P. Chester).

[2] The following allegations are taken from the Complaint. (ECF No. 1.) The Court adopts the sequential pagination supplied to the Complaint by the CM/ECF docketing system. The Court may also consider matters of public record when conducting a screening under § 1915. *See e.g., Medina v. Allentown Police Dep't,* No. 23-2055, 2023 WL 7381461, at *2 (3d Cir. Nov. 8, 2023) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

[3] On September 6, 2018, Figueroa was arrested after law enforcement recovered two firearms, eighteen grams of heroin, and various drug distribution paraphernalia from his home pursuant to a search warrant. *See United States v. Figueroa*, Crim. No. 19-463, Civ. No. 22-5256, 2023 WL 5002851, at *1 (E.D. Pa. Aug. 4, 2023).

with several offenses in Chester County, including a charge of "Drug Delivery Resulting in Death, Manufacture, Delivery, or Possession with intent to Manufacture or Deliver[] Fentanyl/Heroin." *Id.* at 3. Figueroa avers that "the government" searched his home but did not find "any Fentanyl."[4] *Id.* He claims that because no Fentanyl was recovered, "the Prosecutor" knew that he was falsely arrested. *Id.*

Figueroa avers that he was acquitted on the charge of drug delivery resulting in death by a jury on June 5, 2019. *Id.* According to the state court docket, Figueroa was convicted of several other charges on that date, including dealing in proceeds of unlawful activities, criminal use of a communication facility, and criminal conspiracy. *See Commonwealth v. Figueroa*, CP-15-CR-0003424-2018 (C.P. Chester). On April 20, 2022, Figueroa was sentenced in Chester County to forty-eight to ninety-six months' imprisonment, to be served consecutively to a federal sentence. *Id.*

Figueroa contends that the "Prosecutor proceed[ed] with the case over a Malicious Prosecution" even though the evidence showed that he was never in possession of any Fentanyl. *Id.* He seeks monetary damages "from the abuse of Power and Malicious Prosecution" and request the dismissal of charges against him.[5] *Id.* at 3–4.

---

[4] The search of Figueroa's home was conducted on September 6, 2018. *See Figueroa*, 2023 WL 5002851, at *2.

[5] Figueroa's request for the dismissal of all charges is not available for a § 1983 claim. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action (citing *Preiser*, 411 U.S. at 500)); *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41–42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F.

## II. STANDARD OF REVIEW

The Court will grant Figueroa leave to proceed *in forma pauperis* because it appears that he does not have the ability to pay the fees to commence this case.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. This standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the screening stage, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue."). Additionally, a court may dismiss a complaint based on an affirmative defense when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

As Figueroa is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

---

App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."). Accordingly, Figueroa's request for the "dismissal of all charges" will be denied. *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").

[6] However, since Figueroa is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245).

## III. DISCUSSION

Figueroa's Complaint is best construed as bringing claims pursuant to 42 U.S.C. § 1983.[7] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

Figueroa's claims of false arrest and malicious prosecution are time-barred. Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citation modified). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

"[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins

[7] Figueroa cites *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) as a basis for his claims. However, because *Bivens* provides a remedy for constitutional violations committed by federal actors in very limited circumstances, it is not applicable here. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Fourth Amendment malicious prosecution claims accrue upon favorable termination, because that is when the cause of action is complete. *See Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) ("[F]ederal law holds that a malicious-prosecution claim accrues when criminal proceedings end in the plaintiff's favor."); *see also Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) ("[T]he statute of limitations begins to accrue when the termination of criminal proceedings becomes favorable; that is, when 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" (quoting *Heck v. Humphrey*, 512 U.S. 477, 489 (1994))).

To the extent Figueroa asserts a claim of false arrest, any such claim accrued once he was held pursuant to process, *i.e.*, once he was brought before a judge on the charges alluded to in his Complaint, which, according to the state court docket (*see Figueroa*, CP-15-CR-0003424-2018), occurred when he waived formal arraignment of the charges in October 2018. *See DiGiesi v. Twp. of Bridgewater Police Dep't*, 2025 WL 1218254, at *1 (3d Cir. Apr. 28, 2025) ("The alleged false arrest and imprisonment happened on March 13, 2016; thus the complaint filed on July 1, 2019, was well past the two-year mark."); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("[T]he two-year limitation period for Montgomery's section 1983 false arrest and false imprisonment claims began to run on . . . the night of Montgomery's arrest and detention."); *see also Mister v. Burkhart*, 2026 WL 442419, at *3 (E.D. Pa. Feb. 17, 2026) (describing arraignment process in Pennsylvania). Figueroa's malicious prosecution claim accrued on June 5, 2019, the date of the acquittal for the charge of drug delivery resulting in death. *See, e.g., Coello v. DiLeo*, 43 F.4th 346, 354-55 (3d Cir. 2022) ("A § 1983 claim sounding in malicious prosecution accrues when 'the prosecution terminate[s] without a conviction.'"); *Lloyd v. Ocean Twp. Counsel*, 857 F.

App'x 61, 64 (3d Cir. 2021) (*per curiam*) (stating that the statute of limitations begins to run on malicious prosecution claims when "the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in [his] favor" (quotation omitted)); *Talbert v. Dep't of Corr.*, 2022 WL 17177479, at *5 (E.D. Pa. Nov. 23, 2022) ("Mr. Talbert's malicious prosecution claim accrued when the lower court granted *nolle pros* on September 27, 2022."). Because Figueroa did not file this civil action until August 27, 2026—nearly eight years after he was allegedly subjected to a false arrest and seven years following his acquittal on the charge of drug delivery resulting in death—his claims are time barred. Moreover, there are no allegations in the Complaint that would support a basis for equitable tolling of any of Figueroa's Fourth Amendment claims. *See Lloyd*, 857 F. App'x at 64.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Figueroa leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be with prejudice because Figueroa cannot cure the defects in his claims. An appropriate Order follows, dismissing this case.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**